NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTHONY IVAN BOBADILLA,

Plaintiff-Appellant,

v.

JOE A. LIZARRAGA, Warden; et al.,

Defendants-Appellees.

No. 18-15080

D.C. No. 2:16-cv-00226-GEB-EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted January 20, 2021[**]

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

California state prisoner Anthony Ivan Bobadilla appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims arising from a patdown search. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Bobadilla's Fourth Amendment claim because Bobadilla failed to allege facts sufficient to show that the patdown search conducted by defendant Guzman was unreasonable. *See Grummett v. Rushen*, 779 F.2d 491, 496 (9th Cir. 1985) (patdown searches that included the groin area "are not so offensive as to be unreasonable under the fourth amendment").

The district court properly dismissed Bobadilla's Eighth Amendment claim based on the patdown search because Bobadilla failed to allege facts sufficient to show the infliction of severe psychological pain. *See Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) (allegation that prison guard entered cell while prisoner was on the toilet and rubbed his thigh did not rise to the level of severe psychological pain required to state an Eighth Amendment claim).

The district court properly dismissed Bobadilla's Eighth Amendment failure-to-protect claim because Bobadilla failed to allege facts sufficient to show that defendants knew of and disregarded a substantial risk of harm to Bobadilla. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety").

The district court properly dismissed Bobadilla's Eighth Amendment deliberate indifference claim because Bobadilla failed to allege facts sufficient to

show that defendants were deliberately indifferent to an excessive risk to his mental health. *See Toguchi v. Chung*, 391 F.3d 1051, 1056-57 (9th Cir. 2004) (setting forth elements of a deliberate indifference claim).

The district court did not abuse its discretion in denying Bobadilla's motion to appoint counsel because Bobadilla did not demonstrate exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (setting forth standard of review and requirements for appointment of counsel). We reject as without merit Bobadilla's contention that the district court failed to explain its decision to deny the motion for counsel.

The district court did not abuse its discretion in denying Bobadilla leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (explaining that a district court's discretion to deny leave to amend is "particularly broad" when it has previously granted leave to amend).

Contrary to Bobadilla's contention, the district court did not err in implicitly denying his motion to supplement his amended complaint, because Bobadilla was granted an extension of time to file objections to the magistrate judge's findings and recommendations and he instead filed this motion.

We reject as unsupported by the record Bobadilla's contention that he was not given an opportunity to file objections to the magistrate judge's findings and recommendations.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**